## HAILE *v.* CURRY.

*Lumpkin, J.*—As will appear from an inspection of the official report, the bill of exceptions in this case is so defective and incomplete that it presents no question with which this court can intelligently deal.        *Judgment affirmed.*

October 15, 1896. Argued at the last term.

*Certiorari.*    Before Judge Turnbull.    Floyd superior court.    November 12, 1895.

An execution in favor of D. W. Curry against Mrs. E. Haile for $8.10 principal, with interest and cost, based on a judgment of a magistrate's court of June 6, 1894, was, on October 26, 1894, levied upon one sofa, four carpets, one book-case and books, four bedsteads, four washstands, three bureaus, one Brussels carpet, 21 chairs, one dining-table, one sideboard, kitchen furniture and fixtures, as the property of defendant.    The husband of defendant put in a claim that the property was exempt from levy, as property which had been set apart under §2040 of the code.    There seems to have been a termination of the case in the magistrate's court unfavorable to the claimant, and he took the

case by *certiorari* to the superior court. Neither the petition for *certiorari* nor the answer of the magistrate appears in the record or bill of exceptions, and neither of them is specified in the bill of exceptions as material to be transmitted to this court; so that it is impossible to state what assignments of error, if any, were made in the petition for *certiorari*. In the bill of exceptions and attached thereto is set forth the evidence which apparently was introduced upon the trial in the magistrate's court, the documentary portion of which is set forth without abbreviation; and the bill of exceptions specifies as material to be sent up in the transcript of the record the same things which are set forth in the bill of exceptions or which are attached thereto.

The body of the bill of exceptions was in these words:

"The case of D. W. Curry *vs.* Mrs. E. Haile came on to be heard at the November adjourned term of Floyd superior court, Waller Turnbull, the judge, then and there presiding, the same being a *certiorari* from J. P. court 919 dist. G. M. The following is a brief of the evidence, to wit: The *fi. fa.* against Mrs. E. Haile, with entry of levy thereon, a copy of which is hereto attached, marked exhibit 'A,' and made a part of this bill of exceptions. E. Haile was sworn in behalf of pltff. in *fi. fa.* under the act for examining adverse party, who said he and his wife both bought various pieces of furniture; he bought the furniture in his bedroom and the china set; that his wife's mother, Mrs. Chapman, now dead some three years, left the dining-room table now levied on, worth five dollars, to his wife, also the sideboard worth three or four dollars, and also the silver tableware worth $    ; that his wife Mrs. E. Haile had bought some of the furniture herself, and some of it Mrs. Chapman left her at her death; that there was more than fifteen dollars worth of the furniture levied upon, and claimed by claimant, that belonged to his wife; that he refused to say what his wife bought or what was hers and what he had; and that he would not say where he got the money with which he bought furniture came from, whether Mrs. Chapman, who was a woman in good financial circumstances, or his wife gave him the purchase money therefor, or whether it was his own; that the place

they lived on came to his wife from Mrs. Chapman, and also some of the furniture.

"Plaintiff introduced the schedule in favor of himself, a copy of which is hereto attached and marked exhibit 'B,' and made part of this bill of exceptions; and after argument had, the court passed the following order:  'The within *certiorari* being called and argued in its order, it is hereby adjudged that the within *certiorari* be sustained, and the property levied on, as set forth in said levy on the *fi. fa.* in this case, is adjudged subject to levy and sale; and judgment is ordered against claimant in this behalf and for the costs herein incurred.  This Nov. 12, 1895.  W. T. Turnbull, J. S. C. R. C.'  Which ruling appellant claims as error, 1st. Because as much as three hundred dollars of household and kitchen furniture is exempt from levy and sale by virtue of any power whatsoever, by the constitution of the State of Georgia.  2d. Because if proper to direct *fi. fa.* to proceed at all, it should only have been directed to proceed against such of the property as the evidence disclosed as being deft's in *fi. fa.*; and now movant excepts to the said ruling, and now within thirty days after said time tenders this his bill of exceptions and asks that the same be certified as required by law; and movant specifies the *fi. fa.*, the claim affidavit, E. Haile's testimony, the evidence of E. Haile, the judgment of court on *certiorari*, as all the evidence and papers as material to a clear understanding of the case."

One of the exhibits mentioned was the *fi. fa.* above referred to, with the levy thereon; and the other was what purported to be an exemption of personalty, covering certain household and kitchen furniture, etc.

*Hal Wright*, for plaintiff in error.
*A. G. Ewing*, contra.